**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROBERTS, on Behalf of Himself and all Others Similarly Situated,<br><br>                           Plaintiff,<br>     v.<br><br>BUCKEYE LENDING SOLUTIONS, LLC d/b/a CHECKSMART and COMMUNITY CHOICE FINANCIAL INC.,<br><br>                           Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Patrick Roberts ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. In February 2016, Buckeye Lending Solutions, LLC d/b/a Checksmart and Community Choice Financial Inc. (collectively "Defendants") called Mr. Roberts on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Mr. Roberts did not give Defendants prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Patrick Roberts is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

4. Defendant Buckeye Lending Solutions, LLC is an Ohio corporation with its principal place of business located at 7001 Post Road, Suite 200, Dublin, Ohio 43016.  Buckeye Lending Solutions, LLC operates under the fictitious business name Checksmart.  Defendant is a "payday lender," in the business of providing consumers with short-term, high interest rate loans.  At all times material to this Complaint, acting alone or in concert with others, Defendant Buckeye Lending Solutions, LLC has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

5. Defendant Community Choice Financial Inc. is an Ohio corporation with its principal place of business located at 7001 Post Road, Suite 200, Dublin, Ohio 43016.  Defendant is a "payday lender," in the business of providing consumers with short-term, high interest rate loans.  Community Choice Financial Inc. is the parent company responsible for the operation of

CLASS ACTION COMPLAINT                                                                                                   1

Defendant Buckeye Lending Solutions, LLC.  At all times material to this Complaint, acting alone or in concert with others, Defendant Community Choice Financial Inc. has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

CLASS ACTION COMPLAINT                                                               2

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Calls to Plaintiff and Class Members**

13. In February 2016, Defendants called Mr. Roberts on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to make these calls.

14. Defendants called Plaintiff's cellular telephone from (916) 228-1231.

15. When Plaintiff answered calls from Defendants, there was a recorded message playing before a live person began speaking, indicating the use of an automatic telephone dialing system.

16. Online consumer complaints regarding Defendants' unsolicited robocalls and autodialed calls are abundant:

- "Calls from this number come in 4-5 times daily!! I don't answer it, cause I don't recognize it. Then they call back...from a different number, and then hang up and call from a different number again. This goes on throughout the day...up till 8 pm."[1]

- "No one answered after I picked up on the 2nd ring. Every time I call back the number, it is "busy."[2]

- "Very rude... Hung up & told me he will keep calling me back... Even tho i told him this ain't the person he looking for...."[3]

- "Called threatening to prosecute me but am unable to return the call to inquire as to why or get any other information about this issue."[4]

- "Yeah, I get about 5-7 calls a day from these guys…They are very rude and sometimes downright mean!!"[5]

---

[1] http://800notes.com/Phone.aspx/1-916-228-1231
[2] *Id.*
[3] *Id.*
[4] https://www.callercenter.com/916-228-1231.html
[5] http://800notes.com/Phone.aspx/1-866-354-0567/6

CLASS ACTION COMPLAINT                                                                                                      3

- "THEY CALL EVERY 2-3 DAYS.  I STOPPED ANSWERING AND THEY LEAVE NO MESSAGE."[6]

- "They have been calling me with [threats] 2 and 3 times a day."[7]

- "CheckSmart…called us 3 times a day all weekend looking for someone that does not live here and who we do not know.  We have never used CheckSmart and have no need to.  I don't know why this company keeps harrassing innocent people."[8]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

19. Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

---

[6] *Id.*
[7] *Id.*
[8] *Id.*

CLASS ACTION COMPLAINT                                                                                               4

21. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff further proposes the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying any of the Defendants that they no longer wished to receive calls from or on behalf of any of the Defendants; (b) received one or more calls from or on behalf of Defendants; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

23. Collectively, all these persons will be referred to as the "IDNCL Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the IDNCL Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

25. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

CLASS ACTION COMPLAINT                                                                                     5

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants made harassing, oppressive, or abusive telephone calls;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

28. As a person who received numerous calls on his telephone through the use of an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the

CLASS ACTION COMPLAINT      6

proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

36. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

41. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT    8

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 20, 2016

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
           Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*